IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARK A. MCAULIFFE,

      Plaintiff,

v.                                                                                     No. 14-cv-0025 SMV

CAROLYN W. COLVIN, Acting Commissioner of
Social Security Administration,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

      THIS MATTER is before the Court on Plaintiff's Opposed Motion for Attorney Fees Pursuant to the Equal Access to Justice Act . . . [Doc. 24] ("Motion"), filed on June 23, 2015. The Commissioner responded on July 1, 2015. [Doc. 25]. Plaintiff replied on July 13, 2015. [Doc. 26]. The parties have consented to my entering final judgment in this case. [Doc. 8]. Plaintiff moves the Court for an award of attorney fees in the amount of $5,898.30 under the Equal Access to Justice Act ("EAJA") at 28 U.S.C. § 2412. Having reviewed the record, the briefing, and the relevant law, and being otherwise fully advised in the premises, the Court finds that the Motion is well-taken and should be granted.

**Background**

      The Commissioner denied Plaintiff's application for supplemental security income. *See* Tr. 12. After exhausting his administrative appeals, Plaintiff timely filed an action in this Court on January 8, 2014. [Doc. 1]. Ultimately, this Court agreed with Plaintiff that the Administrative Law Judge ("ALJ") erred at step five of the sequential evaluation process when

she applied the medical-vocational guidelines, 20 C.F.R. pt. 404, subpt. P, app. 2 ("the grids" or "grid rules"),[1] even though Plaintiff had nonexertional limitations. [Doc. 22] at 11–13.

## Analysis

Plaintiff now requests an award of attorney fees of $5,898.30 pursuant to EAJA. [Doc. 24]. The Commissioner opposes the Motion because, she argues, her position was substantially justified. [Doc. 25].

EAJA provides for an award of attorney fees to a plaintiff when: (1) he is a prevailing party, (2) the position of the United States was not substantially justified, and (3) no special circumstances would make the award unjust. 28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). Here, the parties do not dispute that Plaintiff is a prevailing party or that no special circumstances would make the award unjust; rather, they disagree about whether the position of the Commissioner was substantially justified. [Docs. 25, 26].

The Commissioner bears the burden of showing that her position was substantially justified. *Hackett*, 475 F.3d at 1172. Her "position" collectively refers to her positions at the administrative level and before the federal courts. 28 U.S.C. § 2412(d)(2)(D). EAJA fees generally should be awarded if the ALJ's reasons for denying benefits were unreasonable, "even if the government [subsequently] advanced a reasonable litigation position." *Hackett*, 475 F.3d at 1174 (internal quotation marks omitted).

---

[1] "The grids contain tables of rules which direct a determination of disabled or not disabled on the basis of a claimant's RFC category, age, education, and work experience. Under the Secretary's own regulations, however, the grids may not be applied conclusively in a given case unless the claimant's characteristics precisely match the criteria of a particular rule. A mismatch may occur [for example] because of a particular exertional or nonexertional impairment, or a particular combination of impairments." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993) (internal citations and quotation marks omitted).

"The test for substantial justification in this circuit is one of reasonableness in law and fact." *Hackett*, 475 F.3d at 1172 (quoting *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)). Substantial justification is "satisfied if there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks, citations, and brackets omitted)). A district court's remand order does not mean, *ipso facto*, that the Commissioner's position was *not* substantially justified; that is, her "position can be justified even though it is not correct." *Hackett*, 475 F.3d at 1172 (quoting *Pierce* 487 U.S. at 566).

Similarly, a district court's order affirming does not itself mean that the Commissioner's position *was* substantially justified. *Gatson v. Bowen*, 854 F.2d 379, 381 n.1 (10th Cir. 1988). For example, when the agency applies the wrong legal standard, the Commissioner "[cannot] show that his position was substantially justified, either in making the initial legal error or in arguing in the ensuing litigation that there was no error." *Chester v. Apfel*, 1 F. App'x 792, 795 (10th Cir. 2001); *see Gatson*, 854 F.2d at 380–81, 381 n.1 (holding that the Commissioner's position could not be substantially justified where the agency applied an outdated legal standard—despite the district court's initial affirmance).

During the litigation, the Commissioner argued that at step five, the ALJ had not relied on the grids but, instead, had relied on the testimony of a vocational expert ("VE"). [Doc. 19] at 13. However, the Court rejected that argument. [Doc. 22] at 11–12. In the ALJ's step-five findings, she did not mention the VE's testimony at all. *Id.* at 12 (citing Tr. 18). Instead, she first acknowledged that in cases such as this one, where a claimant has both exertional and nonexertional limitations, the grids alone cannot control. Tr. 18. Then, to get around that

problem and to apply the grids anyway, the ALJ simply determined that Plaintiff's nonexertional limitations had "very little effect on the occupational base of unskilled light work." *Id.* (citing Social Security Ruling ("SSR") 85-15)).

However, SSR 85-15 applies to RFCs consisting of *only* nonexertional limitations. Of course, in this case, the ALJ found that Plaintiff had *both* exertional and nonexertional limitations. So, this Court found that SSR 85-15 was inapposite. [Doc. 22] at 12 n.7. Absent any factual or legal support for the ALJ's finding that Plaintiff's nonexertional limitations had "very little effect on the occupational base of unskilled light work," this Court found reversible error in the application of the grids. [Doc. 22] at 11–13. Accordingly, the Court reversed the Commissioner's final decision and remanded the case for further proceedings. *Id.* at 13.

In opposing the motion for EAJA fees, the Commissioner changes course. She argues that there was a reasonable basis in law for the ALJ to find that Plaintiff's nonexertional limitations did not significantly erode the light unskilled occupational base. [Doc. 25] at 3–4 (citing SSR 85-15 at 6–7; SSR 83-14 at 4–5; *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988)). Even though this was not her position during litigation, the Commissioner nevertheless concludes that her position was substantially justified. [Doc. 25]. The Court is not persuaded.

The Court finds that the Commissioner fails to meet her burden to show that her position was substantially justified because: (1) the law cited by the Commissioner does not support the position that she took during the litigation (i.e., that the ALJ had relied on VE testimony at step five); and (2) the law cited by the Commissioner fails to support the ALJ's position at the administrative level. Specifically, the Commissioner fails to cite to any legal authority extending SSR 85-15 to cases like this one, where the claimant has both exertional and nonexertional

4

limitations. After all, the title of SSR 85-15 explicitly applies when "evaluating solely nonexertional impairments." Moreover, a different, separate ruling, SSR 83-14—of which the ALJ made no mention—explicitly applies when "evaluating a combination of exertional and nonexertional impairments." Therefore, the Court is not persuaded that SSR 85-15 provides a legal basis for the ALJ's finding that Plaintiff's nonexertional limitations had "very little effect on the occupational base of unskilled light work" and, thus, that conclusive application of the grids was permissible. The Commissioner's position was not substantially justified.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Opposed Motion for Attorney Fees Pursuant to the Equal Access to Justice Act . . . [Doc. 24] is **GRANTED**, and Plaintiff Mark A. McAuliffe is authorized to receive $5,898.30 for payment to his attorneys for services before this Court, as permitted by the Equal Access to Justice Act, 28 U.S.C. § 2412, and in accordance with *Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007).

**IT IS FURTHER ORDERED** that if Plaintiff's counsel is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act, counsel shall refund the smaller award to Plaintiff pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee.") (internal quotation marks omitted).

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**